# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

In re

**CLAY TAYLOR**, and
**KAREN LEE TAYLOR**,

                Debtors.

Case No.  **08-60493-12**

## *MEMORANDUM* of DECISION

At Butte in said District this 16th day of September, 2008.

In this Chapter 12 bankruptcy, Debtors filed an Objection to Proof of Claim No. 3 on July 21, 2008, arguing:

> Repossession of vehicle within one year of filing is an avoidable transfer under 11 USC 522, 544, 545, 547, 548, 549 or 724(a).  Creditor did not use commercially reasonable mode of sale and incurred an unreasonable deficiency.

> Creditor repossessed vehicle on the 27th day of August, 2007.  Their repossession should be considered a setoff of their entire debt, including any claimed deficiency.

In response to Debtors' objection, GMAC filed an amended Proof of Claim No. 3 on September 15, 2008, asserting a secured claim of $12,756.17 against Debtors, secured by a 2005 Chevrolet Venture Van.  The parties also filed a Stipulation Regarding Objection to Proof of Claim on September 15, 2008, wherein the parties:

> [S]tipulate and agree that the Court may determine the objection of Debtors filed July 21, 2008, to the proof of claim of GMAC based on the review of the proof of claim as amended and the facts stipulated to herein below:

> 1.    GMAC repossessed Debtors' vehicle on August 27, 2007.
> 2.    Debtors filed a Chapter 12 bankruptcy, Case No. 07-61107 on September 21, 2007.
> 3.    GMAC filed a motion to modify stay to complete the sale of the

vehicle on October 17, 2007.
4. This court entered an order lifting the stay on November 2, 2007.
5. GMAC sold its collateral on December 5, 2007.
6. The Debtors' prior chapter 12 case was dismissed December 11, 2007.
7. The Debtors filed the current chapter 12 bankruptcy on April 30, 2008.
8. GMAC filed a proof of claim on June 30, 2008.
9. Debtors objected to the proof of claim on July 21, 2008, alleging that the repossession was an avoidable transfer; that the creditor did not use commercially reasonable mode sale; and that the repossession should be considered a set off of the entire debt precluding any deficiency.
10. GMAC has filed an amended claim attaching the documentation regarding the sale and notices.

The attachments to the Proof of Claim reflect that Debtors purchased their 2005 Chevrolet Venture van on or about February 8, 2005 and financed $18,489.00 of the purchase price. A Notice of Lien Filing attached to GMAC's Proof of Claim shows that GMAC perfected its lien against Debtors' 2005 Chevrolet Venture van no later than February 24, 2005.

In a letter dated August 31, 2007, GMAC advised Debtors that the 2005 Chevrolet Van would be sold at a private sale sometime after September 14, 2007, and that Debtors could get their 2005 Chevrolet Van back by paying the sum of $14,868.90. In a letter dated December 17, 2007, GMAC advised Debtors that their 2005 Chevrolet Venture van had been sold at the Manheim Denver Auto Auction for a price of $2,700. The Vehicle Condition Report attached to GMAC's Proof of Claim reflects that Debtors' 2005 Chevrolet Venture van was in "below average" condition, and required repairs and cleaning that would cost approximately $2,659.81. After subtracting the proceeds of the sale and adding the cost of repossessing and transporting the vehicle, GMAC maintained in the letter of December 17, 2007, that it was owed a deficiency of $12,756.17.

Federal Rule of Bankruptcy Procedure 3001(f)[1], provides that a proof of claim completed and filed in accordance with 11 U.S.C. § 501 and any applicable Bankruptcy Rules constitutes *prima facie* evidence of the validity and amount of the claim.  Thus, if a procedurally proper claim is filed, the objecting party carries the burden of going forward with evidence contesting the validity or amount of the claim.  *In re Weber*, 16 Mont. B.R. 49, 56 (Bankr. D.Mont. 1997); *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991).  However, once the objecting party succeeds in overcoming the *prima facie* effect given to the claim by Rule 3001(f), the burden shifts to the claimants to prove the validity of their claims by a preponderance of the evidence.  *In re Allegheny Int'l, Inc*. 954 F.2d 167, 173-74 (3rd Cir. 1992).  Debtors' naked objection fails to satisfy Debtors' initial burden under Rule 3001(f).

Notwithstanding Debtors' failure to satisfy Rule 3001(f), Debtors' aver that GMAC's prepetition repossession of the 2005 Chevrolet Venture van within one year of filing is an avoidable transfer under 11 USC 522, 544, 545, 547, 548, 549 or 724(a), all of which share common elements relating to the avoidance of transfers under the trustee's avoiding powers.  The aforementioned Bankruptcy Code provisions have no relevance to the skeletal facts of this case.

The only argument raised by Debtors that has any relevance to the facts of this case is whether GMAC disposed of Debtors' 2005 Chevrolet Venture van in a commercially reasonably manner.  The determination of whether an item of collateral was disposed of in a commercially reasonable manner is governed by MONT. CODE ANN. ("MCA") § 30-9A-627(2), which reads: "A disposition of collateral is made in a commercially reasonable manner if the disposition is made: (a) in the usual manner on any recognized market; (b) at the price current in any

---

[1] Rule 3001(f) reads: "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."

recognized market at the time of the disposition; or (c) otherwise in conformity with reasonable commercial practices among dealers in the type of property that was the subject of the disposition."  In this case, GMAC disposed of Debtors' 2005 Chevrolet Venture van at the Denver Auto Auction.  It is common knowledge that auto dealers and others associated with the auto industry, such as GMAC, routinely buy and sell cars at auto auctions and it was not unreasonable for GMAC to sell Debtors' 2005 Chevrolet Venture van at an auto auction.  A reading of MCA § 30-9A-627(2) makes it plainly evident that the reasonableness of any sale is determined by the manner in which the sale was conducted and not by the price received.

The Court would agree with Debtors that nothing in the record supports awarding GMAC a secured claim because GMAC has disposed of the only collateral.  All that remains is GMAC's deficiency claim, which is an unsecured claim.  For the reasons discussed herein, the Court will enter a separate order providing as follows:

IT IS ORDERED that Debtors' Objection to Proof of Claim No. 3 filed by GMAC is OVERRULED, in part, and SUSTAINED, in part; and Proof of Claim No. 3 filed by GMAC shall be allowed as a general unsecured, nonpriority claim, in the amount of $12,756.17.

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana